# Exhibit A

BORENSTEIN, MCCONELL & CALPIN, P.C.
155 MORRIS AVENUE
SUITE 201
SPRINGFIELD, NJ 07081
TEL: (973) 379-2444
FAX: (973) 788-8600
*Counsel for Plaintiff Dental Arts by Romani*
  *Limited Liability Co.*
Abraham Borenstein, Esq.: NJ ID #019651979

| | |
|---|---|
| **DENTAL ARTS BY ROMANI LIMITED LIABILITY CO.,** | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: UNION COUNTY |
| *-against-* | DOCKET NO: L- |
| **PROGRESSIVE DENTAL MARKETING LLC.,** | CIVIL ACTION |
| Defendant. | **COMPLAINT AND JURY DEMAND** |

Dental Arts by Romani Limited Liability Co., (hereinafter "DA" or "Plaintiff"), by way of complaint against Defendant Progressive Dental Marketing LLC, (hereinafter Defendant "PDM"), allege as follows:

### FIRST COUNT

1. Plaintiff is a New Jersey Limited Liability Corporation with a business address at 155 Morris Avenue, Suite 3, Springfield, New Jersey 07081.

2. Upon information and belief, PDM is a Florida Limited Liability Corporation with a principal place of business in Clearwater, Florida.

1

3. Plaintiff is in the business of providing dental services to patients in New Jersey.

4. Upon information and belief, PDM purports to provide marketing services to dental practices (called herein "Marketing Services").

5. This complaint alleges that PDM has damaged and defrauded Plaintiff by, among other things, inducing Plaintiff to enter into an invalid and unenforceable written agreement (called herein the "Void Agreement") which purports to provide Marketing Services to Plaintiff, but which Void Agreement constitutes a fraud on Plaintiff, is unconscionable, is void for lack of consideration, and therefore is unenforceable in all of its terms, including but not limited to, financial and procedural terms, as well as venue and choice of law provisions.

6. More particularly, the Void Agreement dated June 2023, with no more specific date having been provided by PDM, was offered to Plaintiff by Defendant as a solicitation of Plaintiff's business to provide Marketing Services for Plaintiff's dental practice.

7. The offer to provide Marketing Services to Plaintiff was a sham and a fraud.

8. Rather than providing such Marketing Services, PDM intended to collect fees and payments from Plaintiff, but in response would not provide Marketing Services.

9. In furtherance of this scheme, and in order to induce Plaintiff to retain PDM for obtaining Marketing Services, PDM submitted the form of Void Agreement described above to Plaintiff.

10. As stated, the form of Void Agreement is void ab initio and is not enforceable in any respects.

11. The form of Void Agreement, pursuant to Article 3 (Charges, Taxes and Payment Terms), required Plaintiff to make various payments to PMD.

12. Various other payments were required to be made under the draft of the Void Agreement as set forth further in Articles 4 and 5 of the Void Agreement.

13. Having been defrauded into believing that PDM was going to provide Marketing Services as suggested in the Void Agreement, Plaintiff paid PDM $3,832.75 on April 22, 2024, $10,199.00 on April 17, 2024, and $3,832.75 on March 21, 2024.

14. At all relevant times, PDM failed to provide the services it represented it would provide to Plaintiff.

15. Prior to delivery of the fraudulent Void Agreement and thereafter, it was PDM's intent to defraud Plaintiff into entering into an agreement which

was entirely one sided in favor of PDM, which did not allow for negotiation by Plaintiff, was unconscionable, and in general breached the contract and consumer fraud statues and fraud laws of the State of New Jersey where Plaintiff is located.

16. At all relevant times prior to the institution of this lawsuit, Plaintiff was not represented by counsel.

17. The terms of the Void Agreement were never explained to Plaintiff with its Principals running a dental practice, and as a result in furtherance of the fraud being perpetrated on Plaintiffs, the Void Agreement contains numerous provisions which were never told to Plaintiff, were never explained to Plaintiff, of which Plaintiff had no awareness and would never have agreed to had Plaintiff had an opportunity to understand what the fraudulent Void Agreement contained.

18. Such clauses contain, but are not limited to, in the Void Agreement:

   a. Ability to terminate and automatic renewal (Article 2);

   b. Charges (Article 3);

   c. Services and Deliverables (Article 5);

   d. Responsibilities of Defendant (PDMs responsibilities) (Article 9);

   e. Copyright Notice; Right Upon Termination (Article 12);

   f. Non-disparagement (Article 15);

    g. Indemnity and Limitation of Liability (Article 16);

    h. Grant of rights (Article 18);

    i. Disclaimer of All Warranties (Article 19);

    j. Assignability (Article 23);

    k. Governing Law; Venue; Jury Waiver; Attorneys' Fees (Article 25) wherein the Void Agreement purports to waive right to a jury trial, establishes venue for disputes in Florida and pursuant to Florida law; and

    l. Read and Understood (29); and

    m. Acceptance of these Terms and Conditions (Article 30).

19. As Plaintiff began to realize that PDM was not delivering what it had purportedly promised, but was demanding payment from Plaintiff, Plaintiff made various efforts to resolve the matter without resorting to litigation.

20. These efforts by Plaintiff were unsuccessful and no resolution was achieved.

21. On or about January 20, 2025, PDM sent a 'demand letter' to Plaintiff demanding payment.

22. Plaintiff contends that it owes no money to Defendant and that it is not bound by the Void Agreement for the reasons stated above and below in this Complaint.

5

23. Notwithstanding the foregoing, in the absence and eventual vacatur of the Void Agreement, there was an oral agreement between Plaintiff and PDM with respect to providing media and advertising services to Plaintiff to obtain dental patients.

24. Such oral agreement does not contain the elements described in Paragraph 18, but rather is a mere oral agreement by PDM to provide services in exchange for consideration to be paid by Plaintiff.

25. The Marketing Services contracted for were never provided.

26. Such oral agreement is barred by the Statue of Frauds.

27. As a direct result of the foregoing, PDM is in breach of its oral contract with Plaintiff.

## SECOND COUNT

28. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 27 above as if set forth at length herein.

29. The purported Void Agreement is void ab initio.

30. Plaintiff seeks a declaratory judgment that such Void Agreement is void ab initio.

6

## THIRD COUNT

31. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 30 above as if set forth at length herein.

32. To the extent that a Court may find that the Void Agreement is in effect between the Parties, Plaintiff demands that the Articles referenced above in Paragraph 18 and be struck as unconscionable.

## FOURTH COUNT

33. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 32 above as if set forth at length herein.

34. PDM should be permanently restrained and enjoined from bringing any action to enforce the Void Agreement against Plaintiff in Florida.

## FIFTH COUNT

35. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 34 above as if set forth at length herein.

36. To the extent that a Court may find that the Void Agreement is in effect between the Parties, Plaintiff demands a judgment finding PDM in breach of contract.

## SIXTH COUNT

37. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if set forth at length herein.

38. The relationship between Plaintiff and Defendant is governed by the consumer fraud statute of the State of New Jersey § 56:8-1 et sec. ("CFA").

## SEVENTH COUNT

39. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 38 above as if set forth at length herein.

40. The CFA reflects a clear legislative intent to apply the CFA statute broadly to accomplish its remedial purpose of combating consumer fraud.

41. There is a presumption in the law that the CFA applies to covered practice even in the face of other contracts or statutes.

42. The CFA is intended to provide cumulative remedies for private litigants.

43. The CFA covers the transaction alleged in this complaint and Plaintiff is entitled to full remedial protection from any claims for damages or monies owed to PDM.

44. Moreover, pursuant to the CFA, Plaintiff is entitled to a jury trial on all issues so triable.

45. Plaintiff does not waive the Plaintiff's right to a jury trial.

46. Plaintiff does not waive the Plaintiff's right to bring this action in the Superior Court of New Jersey.

47. Plaintiff has suffered an economic loss both with respect to monies already paid to Defendant and with respect to loss of business from dental patients that Plaintiff would have attracted by means of another media source had Defendant not distracted Plaintiff's business attention and defrauded Plaintiff as alleged in this complaint.

48. The actual loss suffered by Plaintiff is approximately $100,000.00 per month of loss of revenue from actual patients.

49. The actual loss is believed to be in excess of $2,400,000.00.

50. Plaintiff is entitled to treble damages under the CFA for the loss of monies paid and the loss of clientele during the time Plaintiff waited for Defendants to produce patients for the benefit of Plaintiff.

51. In addition to the causes of action stated above, the Defendants defrauded Plaintiff by obtaining an undue advantage by their acts or omissions in bad faith.

52. In addition to fraudulently inducing Plaintiff to enter into the Void Agreement upon which Defendant would not or could not perform, the

Defendant engaged in both legal fraud and equitable fraud, and both actual or constructive fraud.

53. Plaintiff relied upon the false representations of Defendant and has been damaged.

## EIGHTH COUNT

54. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 53 above as if set forth at length herein.

55. The foregoing actions by Defendant are unconscionable commercial practices and misrepresentations.

**WHEREFORE**, Plaintiff requests judgment against the Defendants as follows:

(a) Restraining and enjoining PDM from bringing any action in Florida or any jurisdiction other than New Jersey to enforce or apply the Void Agreements;

(b) A judgment against each Defendant for compensatory damages in the amount to be determined at trial but estimated at $2,500,000.00 plus interest;

(c) Attorney's Fees and costs pursuant to N.J.S.A. 56:8-19;

(d) Treble Damages pursuant to N.J.S.A. 56:8-19;

(e) Pre and Post Judgment Interest;

10

(f) A declaratory Judgment finding the Void Contract is void and unenforceable; and

(g) Such other and further relief as the Court deems just and appropriate under the circumstances.

**BORENSTEIN, MCCONNELL & CALPIN, P.C.**
*Attorneys for Plaintiff*

BY: _____
ABRAHAM BORENSTEIN

Dated: February 12, 2025

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

BY: _____
ABRAHAM BORENSTEIN

Dated: February 12, 2025

11

## DESIGNATION OF TRIAL COUNSEL

      Pursuant to Rule 4:24-4, **ABRAHAM BORENSTEIN, ESQ**. is hereby designated as trial counsel on behalf of the Plaintiff in the within matter.

BY: _____
**ABRAHAM BORENSTEIN**

Dated: February 12, 2025

# CERTIFICATION

**ABRAHAM BORENSTEIN, ESQ.**, is of full age, certifies:

1. **BORENSTEIN, MCCONNELL & CALPIN, P.C.** has been retained to represent Plaintiff, **DENTAL ARTS BY ROMANI LIMITED LIABILITY CO** in connection with the within matter. I am the attorney in charge of the case.

2. The matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, and no other action or arbitration process is contemplated by Plaintiffs.

3. There are no other parties who should be joined in this action that are known at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BORENSTEIN, MCCONNELL & CALPIN, P.C.**
*Attorneys for Plaintiff*

BY: _____
**ABRAHAM BORENSTEIN**

Dated: February 12, 2025

Case 2:25-cv-01798-ES-AME     Document 4-3     Filed 04/01/25     Page 15 of 17 PageID: 85

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-000602-25**

**Case Caption:** DENTAL ARTS BY ROMAN I  VS PROGRESSIVE DENTAL M A
**Case Initiation Date:** 02/12/2025
**Attorney Name:** ABRAHAM BORENSTEIN
**Firm Name:** BORENSTEIN MCCONNELL & CALPIN, PC
**Address:** 155 MORRIS AVE
SPRINGFIELD NJ 07081
**Phone:** 9733792444
**Name of Party:** PLAINTIFF : Dental Arts by Romani
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Dental Arts by Romani?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/12/2025                                                                                              /s/ ABRAHAM BORENSTEIN
Dated                                                                                                                    Signed

Case 2:25-cv-01798-ES-AME     Document 4-3     Filed 04/01/25     Page 17 of 17 PageID: 87